UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARUNA JHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 9041 |
| | ) | |
| MICHAEL RICHARDSON, ALYSON | ) | Judge Pallmeyer |
| VANSCOY, and PAUL KRONENBERGER, | ) | |
| in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN
SUPPORT OF THEIR MOTION TO DISMISS**

**Introduction**

Plaintiff Aruna Jha, a social worker at the Hines VA Hospital, has brought this action against three of her VA supervisors, alleging they unethically demanded that she change her treatment notes and that when she refused and reported her supervisors' misconduct, they harassed her and retaliated against her. Jha's complaint should be dismissed for lack of subject matter jurisdiction. By creating the Civil Service Reform Act, Congress removed the jurisdiction of federal district courts over personnel actions arising out of federal employment. Jha's remedy, if any, is with a complaint to the Office of Special Counsel or the Merit Systems Protection Board.

**Jha's Complaint**

According to Jha's amended complaint, Jha has been employed by the VA as a social worker for more than six years and has worked at the Hines VA hospital since February 2012. Amended Complaint, ¶ 12. In November 2013, the wife of one of Jha's VA clients committed

suicide. *Id.*, ¶ 15. Michael Richardson, the director of the relevant patient unit, met with Jha and demanded that she redact and change her notes related to the care and treatment of the client, particularly notes that the client and his wife were in a "very risky" situation. *Id.*, ¶ 18. Jha refused. *Id.*, ¶ 21. Thereafter, Richardson and the other defendants—also VA supervisors or managers—retaliated against Jha by harassing her, falsely accusing her of misconduct and poor job performance, and imposing unwarranted discipline against her. *Id.*, ¶¶ 25-26. Jha complained to Senator Mark Kirk, the United States Attorney's Office, and the Secretary of the VA. *Id.*, ¶ 28. Richardson and the other defendants continued to harass Jha in retaliation for reporting their misconduct. *Id.*, ¶ 31. The retaliation included a suspension, a poor performance evaluation, and placing Jha on a performance improvement plan.

Jha's amended complaint alleges that the defendants violated the Civil Service Reform Act (CSRA), 5 U.S.C. § 2302 (Count I); the First and Fourteenth Amendments (Count II); and the Whistleblower Protection Act, 5 USC 1201, *et seq.* (Count III). Jha seeks damages against the defendants in their individual capacities.

**Argument**

Jha's complaint should be dismissed for lack of subject matter jurisdiction. The Civil Service Reform Act (CSRA) requires that challenges to prohibited personnel practices be pursued exclusively through the Office of Special Counsel (OSC) and the Merit Systems Protection Board (MSPB), with judicial review in the United States Court of Appeals for the Federal Circuit. The CSRA created "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *United States v. Fausto*, 484

2

U.S. 439, 445 (1988). This comprehensive scheme "implicitly repealed the jurisdiction of federal district courts over personnel actions of a type appealable to the MSPB." *Paige v. Cisneros*, 91 F.3d 40, 43 (7th Cir.1996), citing *Fausto*.

The MSPB also has jurisdiction over whistleblower retaliation claims. "[A]n employee, former employee, or applicant for employment may appeal to the Board from agency personnel actions alleged to have been threatened, proposed, taken, or not taken because of the appellant's whistleblowing activities." 5 C.F.R. § 1209.2(a); 5 U.S.C. § 1221. The Whistleblower Protection Act of 1989 (WPA), 5 U.S.C. § 2302 *et seq.,* provides most federal agency employees with protection against reprisal for whistleblowing activities, such as disclosing illegal conduct, gross mismanagement, gross waste of funds, or actions presenting substantial dangers to health and safety. An employee who believes she is the victim of unlawful reprisal under the WPA must first bring her claim to the OSC, which then investigates the complaint. 5 U.S.C. § 1214. If the OSC finds that the complaint is meritorious, it reports its findings to the MSPB, and it can petition the MSPB on the employee's behalf. If the OSC finds no misconduct, then the employee herself may bring an action before the MSPB. 5U.S.C. §§ 1221, 1214(a)(3). The MSPB's decision is appealable to the Federal Circuit, which reviews the claim on the administrative record under the arbitrary and capricious standard. 5 U.S.C. §§ 7701(c), 7703. A federal district court does not entertain a whistleblower cause of action brought directly before it in the first instance. *See, e.g.*, *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002)("Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance.")

Neither may a federal employee use *Bivens*[1] to bring an employment claim to district court by styling it as a constitutional claim. *Elgin v. Department of Treasury*, __U.S.__, 132 S.Ct. 2126 (2012). The Supreme Court has cautioned against creation of new *Bivens* remedies, particularly where Congress has established an alternate administrative remedy system. *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988) ("When the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," it is inappropriate for courts to create "additional *Bivens* remedies."); *Bush v. Lucas*, 462 U.S. 367 (1983) (holding that it would be inappropriate for the court to supplement the civil service administrative remedy system with a new nonstatutory damages remedy); *Richards v. Kieran*, 461 F,3d 880, 883-885 (7th Cir. 2006) (CSRA precluded review of claims styled under *Bivens*). As the Seventh Circuit concisely observed in *Page,* "*Bivens* remedies have no place in individual personnel disputes arising out of federal employment." 91 F.3d at 44.

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

## Conclusion

For the foregoing reasons, this court should dismiss the complaint.

    Respectfully submitted,

    ZACHARY T. FARDON
    United States Attorney

By: s/ Jonathan C. Haile
    JONATHAN C. HAILE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2055
    jonathan.haile@usdoj.gov