UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. ARUNA JHA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 14 C 9041 |
| DAVID J. SHULKIN, Secretary of the Department of Veteran Affairs, and | ) ) Judge Rebecca R. Pallmeyer ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

In 2014, Plaintiff Aruna Jha sued her employer, the United States Department of Veterans Affairs (the "VA"). Jha alleged that her supervisors subjected her to a hostile work environment, retaliated against her for engaging in protected conduct, and discriminated against her on the bases of her age and national origin in violation of her rights under Title VII of the Civil Rights act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634. (S.J. Order [65] at 1.)

In 2015, the VA terminated Jha's employment. *Id*. at 9. Jha challenged that action before the Merit Systems Protection Board (the "MSPB").[1] *Id*. While that challenge was pending, the VA asked this court to dismiss Jha's lawsuit to the extent that it asserted claims relating to her termination, arguing that Jha had not exhausted her administrative remedies. *Id.* This court granted that motion on January 25, 2016, but allowed Plaintiff to proceed on her earlier claims. *Id*.

The VA then moved for summary judgment as to each of those claims. The court granted that motion in a March 27, 2018 opinion. With regard to the VA employees' conduct, the court found that much of Jha's evidence alleged actions that were "neither severe nor pervasive," and

---

[1] According to Jha, these proceedings were still pending as of April 27, 2018. (Motion for Reconsideration [67] at 3.)

determined that the only conduct a reasonable jury could determine was "adverse" were Jha's suspensions and termination from work. (S.J. Order [65] at 12-13.) Given that Jha's claims related to her termination had already been dismissed, the court examined whether a reasonable factfinder could conclude that Jha's suspensions were caused by her age or national origin. (*Id.* at 14.) The court found that there was no evidence in the record of explicit discriminatory animus, nor "sufficient circumstantial evidence to establish a *prima facie* case" of age or national origin discrimination, and highlighted the absence of evidence indicating that Jha was meeting her employer's legitimate expectations at the time of her suspensions. (*Id.* at 14-15.) Jha's retaliation claims similarly failed, the court found, for lack of evidence contradicting the VA's articulated rationale for the suspensions. (*Id.* 15-16.)

On April 27, 2018, Jha filed this Rule 60(b) motion challenging the court's judgment.[2] She did not file a notice of appeal.

## **DISCUSSION**

Federal Rule of Civil Procedure 60 provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" under certain listed circumstances, so long as the motion is made "within a reasonable time." FED. R. CIV. P. 60(b)-(c). Rule 60 relief is "an extraordinary remedy 'designed to address mistakes attributable to special circumstances and not merely to erroneous applications of the law.'" *3SM Realty & Dev., Inc. v. F.D.I.C.*, 393 F. App'x 381, 384 (7th Cir. 2010) (*quoting Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009)). For this reason, "a court may grant Rule 60(b) relief only 'under the particular circumstances listed in the

---

[2] Jha asks this court to construe her motion as both a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion for relief from judgment. (Jha Reply [72] at 1-2.) The Seventh Circuit has established a "bright-line rule for distinguishing 59(e) motions from 60(b) motions." *Helm v. Resolution Tr. Corp.*, 43 F.3d 1163, 1166–67 (7th Cir. 1995). Where a party files a motion challenging judgment within the time limit designated in Rule 59(e)—currently set at 28 days—it is considered as a Rule 59(e) motion. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). If such a motion is filed more than 28 days after judgment, it is instead a Rule 60(b) motion. *Id.* Jha's motion, filed 31 days after the entry of judgment, is deemed a motion for relief under Rule 60(b).

2

text of the rule.'" *3SM Realty*, 393 F. App'x at 384 (quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). District courts have "considerable discretion" to deny relief. *Eskridge*, 577 F.3d at 810.

Jha contends that three potential grounds enumerated in Rule 60(b) justify relief in this case: those described in Rule 60(b)(1), Rule 60(b)(2), and Rule 60(b)(6). The court addresses each of these in turn.

I.     **Rule 60(b)(1)**

Rule 60(b)(1) provides for relief on account of "mistake, inadvertence, surprise, or excusable neglect." Whether "mistake" in this context includes legal or actual errors is something of a complex issue. Numerous Seventh Circuit cases have rejected the use of Rule 60(b)(1) to address appealable errors, as this could encourage litigants to "circumvent the deadline for filing appeals." *See Menendez v. Republic Bank*, 725 F.3d 651, 658-59 (7th Cir. 2013) (collecting cases). The concern for this abuse is greatest where "a Rule 60(b) motion [is] filed after the time to appeal has run," and in this situation courts should generally deny Rule 60(b) errors as untimely. *Id.* at 660.

In *Menendez v. Republic Bank*, however, the Seventh Circuit held that there is no absolute bar to reconsideration of legal and factual errors, because that "section (1) of Rule 60(b) allows a district court to correct its own errors that could be corrected on appeal, at least if the motion is not a device to avoid expired appellate time limits." *Id.* District courts therefore have discretion, although not a mandate, to consider appealable issues raised in a 60(b)(1) motion. *Compare id. with Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667-68 (7th Cir. 2014) (holding that a district court did not abuse its discretion in denying a 60(b)(1) motion alleging "errors of fact and law" that "could have been raised in a direct appeal," because the plaintiff "forfeited her opportunity to appeal the judgment [by failing to] file either a timely Rule 59(e) motion or a timely notice of appeal.")

Jha's 60(b) motion was filed well before the deadline for appeal had passed,[3] eliminating any concern that she filed this motion to avoid appellate time limits. Absent such a concern, the court exercises its discretion to consider whether its judgment is the product of any "clear legal or factual error." *Mendez*, 725 F.3d. at 660.

Jha first argues that the court committed a mistake of law by failing to consider *Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975 (2017). The *Perry* Court ruled on a narrow question: "where a plaintiff appeals a so-called 'mixed case'[4] to the MSPB and receives an adverse ruling, which federal court has jurisdiction to exercise review of the MSPB's decision?" *Id.* at 1979. The Court held, *inter alia*, that the federal district court has jurisdiction in such a case. *Id.* Jha contends that *Perry* shows that this court erred in dismissing claims related to her termination. But the court dismissed Jha's termination-related claims not because it lacked jurisdiction; instead, the court dismissed them because she had not yet exhausted administrative remedies. In *Perry*, it was only after the MSPB issued a ruling that the plaintiff petitioned for review. *Perry*, 137 S. Ct. at 1982. That is the procedure required here as well. Nothing in *Perry* stands for the proposition that this court should exercise jurisdiction over a claim still pending a decision before the MSPB. Jha herself conceded this when Defendant moved to dismiss her termination claim. She explicitly confirmed "that she did not raise this issue with the EEO and agree[d] that that portion of her case should be dismissed as her removal/termination is pending before the MSPB." (Jha Response to Motion to Dismiss [32] at 2.)

---

[3] Federal Rule of Civil Procedure 4(a)(1)(B)(iii) provides that "[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity." The defendant in this case is the Secretary of the Department of Veterans Affairs, sued in his official capacity, thus the 60-day time limit applies. Jha filed this motion 31 days after judgment was entered, which is within the applicable time limit to appeal.

[4] A "mixed case" is "an adverse action subject to MSPB jurisdiction taken, in whole or in part, because of unlawful discrimination."

4

Jha also argues that her failure to exhaust administrative remedies should have been excused because the MSPB lacks a quorum and cannot currently hear claims. (Motion for Reconsideration [67] at 3.); *see also* Chase Gunter, *MSPB to close 2018 without a quorum*, FCW (Nov. 28, 2018), https://fcw.com/articles/2018/11/28/mspb-no-quorum-gunter.aspx. Jha made no such argument at the time she agreed to dismissal of her termination claim and cites no authority in support of this argument now. Nor is the court aware of any such authority. Although the court is sensitive to the argument that the MSPB's failure to hear claims stands in the way of judicial review, the court's (and Plaintiff's own) failure to predict there would be no prompt adjudication cannot be characterized as a "clear legal or factual error."

Jha additionally points to facts in the court's opinion that she claims are inconsistent with the record. *See* (Motion for Reconsideration [67] at 3-7). None of these reveal a genuine contradiction. For example, Jha contends the court erred in finding "no evidence that [her supervisors] knew of plaintiff's EEO and whistleblowing activities." (*Id.* at 5.) She cites paragraphs in Defendant's answer admitting that Mr. Richardson was promptly notified of Plaintiff's March 2014 EEO charge and that Defendant's Inspector General received a copy of a May 2014 letter Plaintiff wrote to Senator Mark Kirk. (*Id.* citing Defendant's Answer [presumably, Amended Answer to Third Amended Complaint (47)] ¶¶ 27, 33, 35.) What the court stated about notice, however, is that there is no evidence that Richardson was aware of her complaints "*before her November 2013 suspension*." (Memorandum Opinion and Order [65] at 15 (emphasis added).) The court went on to observe that "Richardson presumably did know about Jha's protected activity at the time he made the final decision to suspend Jha a second time," but that the evidence did not support a link between that protected activity and her suspension. (*Id.*) The court stands by its factual findings, which are fully supported by the record.

Jha's disagreements with the court's findings, and with its determination as to whether a reasonable jury could find in her favor, do not constitute "mistakes" as described in Rule 60(b)(1). "To protect her ability to raise these arguments, she had to file either a timely Rule 59(e) motion

or a timely notice of appeal, and she did neither." *Banks*, 750 F.3d at 668. The court therefore declines to grant relief under Rule 60(b)(1).

## II. Rule 60(b)(2)

Rule 60(b)(2) provides that courts may grant relief on account of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Aside from citing this rule, however, Jha makes no allegation that new evidence has been uncovered. The court therefore declines to grant relief under Rule 60(b)(2).

## III. Rule 60(b)(6)

Under Rule 60(b)(6), the court may grant relief from judgment for "any other reason that justifies relief." This "catch-all provision" is reserved for " 'extraordinary circumstances,' " *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 668 (7th Cir. 2014), that is, circumstances which create a "substantial danger of an unjust result." *Margoles v. Johns*, 798 F.2d 1069, 1075 (7th Cir. 1986). Case law bears out that extraordinary circumstances "will exist only rarely." *Ramirez v. United States*, 799 F.3d 845, 851 (7th Cir. 2015). *See Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014) (holding that a change in law showing that judgment may have been incorrect is not an "extraordinary circumstance"). Jha does not identify circumstances that would justify relief under Rule 60(b)(6), nor does she cite any case law relevant to the issue.

## **CONCLUSION**

Jha's motion for relief from judgment [67] is denied.

ENTER:

Dated: December 14, 2018

_____
REBECCA R. PALLMEYER
United States District Judge